United States District Court
Southern District of Texas
**ENTERED**
December 15, 2015
David J. Bradley, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BYNANE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-2901 |
| | § | |
| THE BANK OF NEW YORK | § | |
| MELLON, Trustee, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss [Doc. # 5] filed by

Defendants Bank of New York Mellon ("BONY"), Bank of America, N.A. ("BOA"),

and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, the

"Bank Defendants"), to which Plaintiff Michael Bynane filed a Response in

Opposition [Doc. # 10], and the Bank Defendants filed a Reply [Doc. # 15].  Also

pending is the Motion to Dismiss [Doc. # 9] filed by Defendant David Guzman, to

which Plaintiff filed a Response in Opposition [Doc. # 17], and Guzman filed a Reply

[Doc. # 20].

The Court has reviewed the full record in this case, as well as the record in

Plaintiff's prior lawsuit, *Bynane v. Bank of New York Mellon, et al.*, Civil Action No.

H-15-1249.  Based on this review and the application of binding and persuasive legal

authorities, the Court **grants** the Motions to Dismiss and **dismisses** Plaintiff's claims against Defendants **with prejudice**. Guzman's counterclaim against Plaintiff remains pending.

## I.    BACKGROUND

### A.    Loan History

Plaintiff Michael Bynane owned a condominium in Houston, Texas (the "Property"). On November 2, 2006, Plaintiff executed a Texas Home Equity Note (the "Note") in the principal amount of $135,000.00. *See* Note, Exh. A to Bank Defendants' Motion to Dismiss. The Lender was Countrywide Home Loans, Inc. and, in the Note, Plaintiff promised to pay the principal amount, plus interest. *See id.*, ¶ 1. In the Note, Plaintiff represented that he understood "that the Lender may transfer this Note." *See id.* Plaintiff agreed to pay "principal and interest by making payment every month" in the amount of $1,172.27. *See id.*, ¶ 3. Plaintiff agreed in the Note that if he failed to pay the full monthly payment on the date it was due, he would be in default. *See id.*, ¶ 6. Plaintiff agreed that the terms of the Note could not be "contradicted by evidence or prior, contemporaneous, or subsequent oral agreements of the parties." *Id.*, ¶ 12.

The Note was secured by a Texas Home Equity Security Instrument (the "Deed of Trust"). In the Deed of Trust, Countrywide Home Loans, Inc. is the "Lender" and

CTC Real Estate Servicing is the Trustee.  *See* Deed of Trust, Exh. A to Original Petition ("Complaint"), p. 1.  Defendant MERS is "acting solely as a nominee for Lender and Lender's successors and assigns."  *Id.* at 2.  The beneficiary under the Deed of Trust is MERS "and the successors and assigns of MERS."  *Id.*  In the Deed of Trust, signed by Plaintiff and Kathryn Bynane, Plaintiff agreed to "pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note."  *See id.* at 3.  The Deed of Trust provided that if Plaintiff failed to perform as agreed, the Lender and the Trustee were authorized to foreclose on the Property and sell it at foreclosure.  *See id.* at 10-11.  The Deed of Trust was filed in the Harris County Real Property Records on November 16, 2006.

On January 20, 2012, MERS assigned all beneficial interest in the Deed of Trust to BONY.  *See* Assignment of Deed of Trust ("Assignment"), Exh. B to Complaint.  The Notary Public certified under penalty of perjury that Dominique Johnson personally appeared, provided satisfactory evidence that she was the person signing the Assignment, and acknowledged that she executed the Assignment in her authorized capacity.  *See id.*  The Assignment was filed in the Harris County Real Property Records on January 31, 2012.

Plaintiff failed to make the August 1, 2013 payment under the Note, and has been in default since that date.  On June 19, 2013, BONY gave Plaintiff Notice of

Default.  When Plaintiff failed to cure the default, BONY accelerated the Note on January 30, 2014.

### B.   Foreclosure And Sale of the Property

Pursuant to Texas Rule of Civil Procedure 736, BONY applied for a judicial order to proceed with foreclosure and sale.[1]  Plaintiff, after receiving proper notice of the Rule 736 proceeding, failed to file any opposition to the request and failed to appear for the hearing.  By Order entered June 23, 2014, the state court granted BONY's application and allowed the foreclosure to proceed.  *See* Order to Proceed With Notice of Foreclosure Sale and Foreclosure ("June 23 Order"), Exh. C to Complaint, pp. 5-6.  Plaintiff did not seek reconsideration, file a notice of appeal, or otherwise challenge the state court's June 23 Order.

BONY properly noticed the foreclosure sale for March 3, 2015, more than eight months after the state court issued its June 23 Order.  Defendant Guzman purchased the Property at foreclosure for $281,000.00.  *See* Substitute Trustee's Deed dated March 15, 2015, Exh. C to Complaint.  To date, Plaintiff has retained possession of the Property without making any payments either to Defendant Guzman or into the Court's Registry.

---

[1]     Rule 736 provides the procedure for obtaining an expedited order allowing the foreclosure and sale in connection with a home equity loan lien.  TEX. R. CIV. P. 736(1).

### C.  <u>First Lawsuit Against Bank Defendants and Guzman</u>

On April 6, 2015, Plaintiff filed his Original Petition and Application for Ex-Parte Temporary Restraining Order and Temporary Injunction in Texas state court. *See* Original Petition, Doc. # 1-1 in *Bynane v. Bank of New York Mellon, et al.*, Civil Action No. H-15-1249 ("*Bynane I*").  In *Bynane I*, Plaintiff named BONY, BOA, MERS, and Guzman as Defendants.  Plaintiff sought to have the foreclosure sale set aside "due to a void assignment of Deed of Trust," and asserted quiet title and breach of contract claims.  *See id.*  The case was removed to federal court on May 11, 2015, and the Bank Defendants moved to dismiss on May 18, 2015.  On May 21, 2015, Plaintiff filed a First Amended Complaint and Application for Preliminary Injunction [Doc. # 6 in *Bynane I*], adding claims for promissory estoppel, fraud, and violations of the Texas Debt Collection Act ("TDCA").

On June 8, 2015, the Bank Defendants moved to dismiss the First Amended Complaint in *Bynane I*.  The Bank Defendants argued that Plaintiff did not have standing to challenge the assignment from MERS to BONY, and that Plaintiff failed to state a claim upon which relief could be granted as to any of the asserted claims. *See* Bank Defendants' Motion to Dismiss [Doc. # 11 in *Bynane I*].  The Bank Defendants argued specifically that Plaintiff could not adequately assert a promissory estoppel claim absent "a promise to sign an already existing written agreement that

would itself satisfy the requirements of the statute of frauds." *See id.* at 13 (citations omitted).  Bank Defendants argued that the fraud claim failed to satisfy the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  *See id.* at 14-15.  Bank Defendants also challenged the TDCA claims, asserted under Sections 392.304(a)(8), (14), and (19), as inadequately pled.  *See id.* at 15-17.

Meanwhile,  on May 22, 2015, Plaintiff filed a Motion to Remand in which he asserted that Defendant Guzman was a citizen of Texas and, therefore, non-diverse.  *See* Motion to Remand [Doc. # 8 in *Bynane I*], p. 3.  The Bank Defendants filed a Response asserting, with supporting evidence, that Guzman is a citizen of Indiana.  *See* Response [Doc. # 13 in *Bynane I*], p. 2.  On June 17, 2015, Defendant Guzman filed a *pro se* Motion to Dismiss, listing his address in Lawrenceburg, Indiana.  *See* Guzman Motion to Dismiss [Doc. # 15 in *Bynane I*], p. 4.  By Order [Doc. # 16 in *Bynane I*] entered June 17, 2015, Hon. Kenneth Hoyt denied Plaintiff's Motion to Remand, finding that it lacked merit.  On June 19, 2015, Plaintiff filed a Motion to Reconsider the denial of his Motion to Remand, continuing to argue that Guzman is a citizen of Texas.  *See* Motion to Reconsider [Doc. # 18 in *Bynane I*].  Plaintiff asserted specifically that Guzman had a Texas drivers license and was employed in Texas.  *See id.* at 4-9.  By Order [Doc. # 29 in *Bynane I*] entered August 6, 2015, Judge Hoyt denied Plaintiff's Motion to Reconsider, finding that the motion lacked

merit and should be denied it its entirety.  One hour and 35 minutes later, Plaintiff

voluntarily dismissed the *Bynane I* lawsuit.  *See* Notice of Voluntary Dismissal

Without Prejudice [Doc. # 30 in *Bynane I*].

### D.   Current Lawsuit

On August 11, 2015, three business days after Judge Hoyt denied remand the

second time in *Bynane I* and Plaintiff dismissed that lawsuit, Plaintiff – represented

by the same counsel as in *Bynane I* – refiled this lawsuit in Texas state court.  *See*

Complaint [Doc. # 1-1].  Plaintiff again sued BONY, BOA, MERS, and Guzman, and

again asserted a claim to set aside the foreclosure sale "due to a void assignment of

Deed of Trust," a quiet title claim, and claims for breach of contract, promissory

estoppel, fraud, and violations of the TDCA.  Guzman filed a Counterclaim, asserting

that Plaintiff's lawsuit was frivolous and seeking to recover actual damages, attorney's

fees and costs, expenses, and interest.  *See* Counterclaim [Doc. # 1-1], at ECF pages

78 of 88, 80 of 88.  Plaintiff has failed to respond to Guzman's Counterclaim.

The Bank Defendants removed the second lawsuit to federal court and filed the

pending Motion to Dismiss.  Plaintiff again filed a Motion to Remand [Doc. # 6].

Plaintiff again argued that Guzman is a citizen of Texas, an argument twice rejected

by Judge Hoyt in *Bynane I*.  The Bank Defendants and Guzman, who now is

represented by counsel, filed responses in opposition to the Motion to Remand.

Guzman attached an affidavit stating under oath that he is registered to vote in Indiana, has held an Indiana drivers license since at least August 2012, has business dealings in Indiana,  owns a home in Indiana, belongs to a social club in Indiana, and that he considers Indiana his home where he "always intend[s] to return and stay." *See* Guzman Affidavit, Exh. 1 to Guzman Opposition to Motion to Remand [Doc. # 13].  Plaintiff filed a Reply, persisting in the argument that the "evidence before the court is now overwhelmingly in favor of remanding the case because Guzman is clearly is [*sic*] a citizen of Texas."  *See* Reply [Doc. # 16], p. 2.  By Memorandum and Order [Doc. # 19] entered December 1, 2015, the Court found without reservation that Guzman is a citizen of Indiana and denied the Motion to Remand.

Defendants' Motions to Dismiss have been fully briefed.  Guzman originally argued that the state court order issued in the Rule 736 proceeding was *res judicata* and barred this lawsuit.  Guzman has now abandoned that argument and, therefore, the Bank Defendants and Guzman present the same arguments in favor of dismissal of Plaintiff's claims in this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The Motions to Dismiss are now ripe for decision.

## II.    <u>STANDARD FOR MOTIONS TO DISMISS</u>

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d

770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.

## III.   ANALYSIS

### A.    Claim to Set Aside Foreclosure Sale

Plaintiff alleges that the foreclosure sale should be set aside because the Assignment from MERS to BONY was forged.  *See* Complaint, ¶ 11.  Plaintiff alleges that the signatures of Dominique Johnson on two unrelated assignments from MERS to two assignees other than BONY are different from each other.[2]  *See id.*, ¶ 12.

---

[2]     The Court has reviewed the signatures on which Plaintiff bases his forgery allegation and finds that the signature on the assignment to Bank of America, N.A. of a mortgage to Tory and Theresa Roberts (Exh. E to Complaint) appears to be very similar to the signature on the Assignment in this case.  The Court does not, however, make any finding on this issue and does not base its decision on this apparent similarity.

Plaintiff alleges that Johnson's signature on the Assignment was not authorized by MERS and, indeed, was not authorized by Johnson.  *See id.*, ¶ 13.

Plaintiff lacks standing to challenge the Assignment.  The "law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but the obligor may defend "on any ground which renders the assignment void." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013).  Plaintiff's allegations that Johnson did not personally sign the Assignment and/or lacked authority to sign on behalf of MERS, if proven, would render the Assignment voidable rather than void.[3]  *See id.*; *Epstein v. U.S. Bank Nat'l Ass'n*, 540 F. App'x 354, 357-58 (5th Cir. Sept. 25, 2013); *Rodriguez v. Bank of Am., N.A.*, 2013 WL 1773670, *6 (W.D. Tex. Apr. 25, 2013), *aff'd*, 577 F. App'x 381, 382 (5th Cir. 2014) (adopting district court's analysis); *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App. – Houston [1st Dist.] 2014, review denied).  "Even if [Ms. Johnson] worked as part of a 'document mill' and had different signature variations, ***as long as MERS was aware of this and did not object to it***, the

---

[3]    The Court notes that the Assignment in this case, attached as Exhibit B to Plaintiff's Complaint, bears a Notary Public certification that Ms. Johnson presented satisfactory evidence of her identity and acknowledged that she executed the Assignment in her authorized capacity.  The Court does not, however, make any finding on this issue and does not base its decision on the Notary Public's certification.

assignment – though perhaps fraudulent – would not rise to the level of a forgery and thus would be voidable, not void." *Rodriguez*, 2013 WL 1773670 at *6 (emphasis added).   MERS is a party to this case and has not objected that Johnson lacked authority to execute the Assignment on its behalf.   As a result, Plaintiff has failed to allege a factual basis to support his ability to challenge the facially valid Assignment. *See, e.g., Reed v. Bank of Am., N.A.*, 2015 WL 7736642, *2 (S.D. Tex. Nov. 30, 2015)[4] (Miller, J.); *Jolem, LLC v. Select Portfolio Servicing, Inc.*, 2015 WL 3823642, *5 (S.D. Tex. June 18, 2015) (Miller, J.).   Plaintiff's conclusory allegations against Johnson's signature and authority to execute the Assignment are inadequate to allow the court to draw a reasonable inference that the signature on the Assignment is forged such that the Assignment would be void rather than voidable at MERS's option.   *See id.*

In his Response to the Bank Defendants' Motion to Dismiss, Plaintiff argues that the Assignment is void "due to MERS' involvement because MERS was not the 'nominee' for any party that had an interest in either the note or Deed of Trust at the time of the Assignment."[5]   *See* Response [Doc. # 10], p. 9.   Plaintiff argues that

---

[4]      The plaintiff in the *Reed* case and Plaintiff Bynane in this case are represented by the same law firm who made the same "forgery" allegations in both cases.

[5]      In the Complaint, the alleged forgery is the only basis on which Plaintiff alleges the Assignment is void.

because MERS held the Note only as a nominee, and because the Assignment does not identify for whom MERS was a nominee, "Plaintiff has validly pleaded that the Assignment in this case is void *ab initio* for lack of the essential elements of a contract, that is two identifiable real parties in interest." *See id.* at 11.  Plaintiff's argument is without merit, factually and legally.  MERS, in addition to being the Lender's nominee under the Deed of Trust, is the ***beneficiary*** of the Deed of Trust. *See* Deed of Trust, Exh. A to Complaint, p. 2.  As the beneficiary of the Deed of Trust, MERS had the right to foreclose on the Deed of Trust and had the right to  assign the Deed of Trust to another entity.  *See Wiley v. Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 536 (5th Cir. Sept. 6, 2013).

Plaintiff has failed to allege a factual or legal basis for his request to have the foreclosure sale to Guzman set aside.  As a result, Defendants are entitled to dismissal of this first cause of action.

### B.    Quiet Title Claim

Plaintiff seeks quiet title to the Property, arguing that BONY's purported standing to foreclose and sell the Property to Guzman was based on a void Assignment from MERS.  For the reasons stated above, Plaintiff has failed to allege a valid legal or factual basis for his attempt to challenge the facially valid Assignment.

Therefore, the claim for quiet title, which is based on the allegation that the Assignment was void, similarly fails and is dismissed.[6]

## C.   **Breach of Contract**

Plaintiff alleges that BONY breached the Deed of Trust by foreclosing on the Property without legal authority to do so because the Assignment to BONY was void. Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009). A plaintiff cannot prevail on a claim for breach of contract when the plaintiff has not performed his own duties under the contract. *Id.*; *see also Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 327-28 (5th Cir. 2014); *Hernandez v. Gulf Group Lloyds*, 875 S.W.2d 691, 692 (Tex. 1994) (holding that when one party materially

---

[6]    Additionally, under Texas law, a necessary prerequisite to the recovery of quiet title "is tender of whatever amount is owed on the note." *Jemison v. CitiMortgage, Inc.*, 2014 WL 2739351, *6 (S.D. Tex. June 17, 2014) (Rosenthal, J.) (citations omitted). It is undisputed that Plaintiff has not tendered the amount he owes under the Note. He states in the Complaint that he "offers to tender whatever the court determines to be equitable to one or several defendants, jointly, as a pre-requisite to setting aside the foreclosure sale as pleaded for." Complaint, p. 14. He does not, however, allege that he has the financial ability to tender, prior to any final judgment, all amounts owed under the Note.

breaches a contract, the other party is discharged or excused from any obligation to perform).

In this case, Plaintiff has not alleged, and cannot allege, that he performed his obligations under the Deed of Trust. Plaintiff, as the Borrower, was obligated to "pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note." *See* Deed of Trust, p. 3. There is no allegation that Plaintiff complied with this obligation and, indeed, it is undisputed that he did not. Plaintiff has not paid any part of the principal and interest, or any late charges, since August 1, 2013, and the loan has been in default since that date. *See* June 23 Order, Exh. C to Complaint. Having failed to allege performance of his obligations under the Deed of Trust, Plaintiff has failed to allege an essential element of his breach of contract claim. *See Jemison v. CitiMortgage, Inc.*, 2014 WL 2739351, *9 (S.D. Tex. June 17, 2014) (Rosenthal, J.). Defendants are entitled to dismissal of this claim.

Additionally, as is discussed above, Plaintiff has failed to allege a factual basis to permit him to challenge the Assignment to BONY of MERS' rights under the Deed of Trust. On this basis also, Defendants are entitled to dismissal of the breach of contract claim.

### D.   **Promissory Estoppel Claim**

Plaintiff alleges that BOA, acting as an agent for BONY, "promised that no non-judicial or judicial foreclosure would occur until the loan modification process was completed and Plaintiff was given an answer that his application was either granted or denied."  Complaint, ¶ 30.  Plaintiff alleges further that BOA promised to sign a written modification document already in existence at the time of the promise if the modification was approved.  *See id.*, ¶ 31.

Under Texas law, "a loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative."  TEX. BUS. & COMM. CODE § 26.02(b); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013).  A "loan agreement" includes any agreement or promise in which a financial institution delays repayment of or agrees to delay repayment of money, or to otherwise make a financial accommodation.  TEX. BUS. & COMM. CODE § 26.02(a)(2).  As a result, a loan modification agreement is subject to the statute of frauds.  *See Miller v. Citimortgage, Inc.*, 970 F. Supp. 2d 568, 581 (N.D. Tex. 2013).  There is no allegation that Plaintiff and any Defendant entered into a written loan modification contract.

Promissory estoppel is a "narrow exception to the statute of frauds."  *See Matthews v. JPMorgan Chase Bank, N.A.*, 2015 WL 892954, *2 (S.D. Tex. Mar. 1, 2015) (Rosenthal, J.) (citations omitted).  "For promissory estoppel to create an exception to the statute of frauds, there must have been a promise to sign a written agreement that had been prepared and that would satisfy the requirement of the statute of frauds."  *Id.* (quoting *1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 29 (Tex. App.-- Houston [14th Dist.] 2005, pet. denied)); *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 239 (5th Cir. 2014).  For an existing written contract to satisfy the requirements of the statute of frauds, "there must be a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement so that the contract can be ascertained from the writings without resorting to oral testimony."  *Cohen v. McCutchin*, 565 S.W.2d 230, 232 (Tex. 1978); *Scott v. Bank of Am., N.A.*, 597 F. App'x 223, 225 (5th Cir. Dec. 30, 2014).  In a contract to loan money, the material terms include, *inter alia*, the amount to be loaned, the maturity date, the interest rate, and the repayment terms.  *See Hern Family Ltd. P'ship. v. Compass Bank*, 863 F. Supp. 2d 613, 624 (S.D. Tex. Mar. 26, 2012) (Ellison, J.) (citing *T.O. Stanley Boot Co., Inc. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992)).

In this case, Plaintiff alleges that a BOA employee promised "to sign a written modification document already in existence at the time of the promise if the modification was approved." *See* Complaint, ¶ 31. Plaintiff does not allege, however, that the "written modification document already in existence" was one that would contain all the material terms of the loan modification such that it would satisfy the requirements of the statute of frauds. This omission is fatal to Plaintiff's promissory estoppel claim. For example, a promise to sign an existing written form document that contained blank lines to be filled in once the terms of a loan modification were agreed upon would not satisfy the requirements of the statute of frauds. Plaintiff has failed to allege an essential element of his promissory estoppel claim and, as a result, the claim is dismissed.

### E.      <u>Fraud Claim</u>

To state an actionable claim for fraud, a plaintiff must allege with specificity that (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the plaintiff acted in reliance on the representation; and (6) thereby suffered injury. *See Harris Cnty. v. MERSCORP Inc.*, 791 F.3d 545, 558 (5th Cir. 2015) (citing *Italian*

*Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)).  When alleging fraud, a party must plead the circumstances constituting fraud with particularity.  *See* FED. R. CIV. P. 9(b).  To satisfy the pleading requirements of Rule 9(b), a plaintiff asserting a fraud claim must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 339 (5th Cir. 2008);

Plaintiff alleges that BOA, as BONY's agent, fraudulently represented that "there would be no non-judicial or judicial foreclosure sale until the loan modification process was completed and Plaintiff was given an answer that his application was either granted or denied." *See* Complaint, ¶ 36.  Plaintiff alleges that BOA and/or BONY never intended to perform this promise. *See id.*, ¶ 38.  Plaintiff does not allege who made the alleged misrepresentations and, more importantly, when they were made.  Plaintiff fails also to provide any factual allegations to support the conclusory assertion that "BONY never intended to perform the promise" to delay foreclosure. As a result, Plaintiff has failed to satisfy the Rule 9(b) requirement that fraud claims be alleged with adequate particularity. *See, e.g., Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012); *James v. Wells Fargo Bank, N.A.*,

2014 WL 2123060, *5 (S.D. Tex. May 21, 2014) (Lake, J.).  Defendants' Motions to Dismiss the fraud claim are granted.

### F.   <u>Texas Debt Collection Act Claim</u>

Plaintiff alleges that BOA and BONY violated the TDCA, specifically sections 392.304(a)(8), (14), and (19).  *See* Complaint, ¶ 44.  The TDCA prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding" (paragraph 8); "representing falsely the status or nature of the services rendered by the debt collector or the debt collector's business" (paragraph 14); or "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer" (paragraph 19). Plaintiff alleges specifically that Defendants BOA and BONY promised "they would not foreclose until a determination was made on Plaintiff's submitted loan applications" but "proceeded to foreclose before ever responding to Plaintiff's submitted loan modification applications." Complaint, ¶ 45. Plaintiff alleges also that BOA and BONY "informed Plaintiff that the terms of his loan could be modified to cure the default and avoid foreclosure if Plaintiff qualified for available options[;] informed Plaintiff that he did not need to make payments on the loan because delinquent payments would be subsumed into the modified loan when the modification was approved[; and] promised

not to foreclose until a decision was made on Plaintiff's submitted modification application(s)." *Id.*, ¶ 46.  Plaintiff alleges that this conduct violated sections 392.304(a)(14) and 392.304(a)(19).

**Paragraph 8.**  Plaintiff makes no factual allegations regarding section 392.304(a)(8) of the TDCA.  The allegations regarding paragraphs 14 and 19 do not state a claim under paragraph 8 because statements regarding loan modification plans are not representations of the charcter, extent, or amount of the debt.  *See Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013); *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014); *Martinez v. Wells Fargo Bank, N.A.*, 2015 WL 4041674, *5 (W.D. Tex. June 30, 2015).  The TDCA claim based on section 392.304(a)(8) is dismissed.

**Paragraph 19**.  "Communications in connection with the renegotiation of a loan do not concern the collection of a debt but, instead, relate to its modification and thus they do not state a claim under Section 392.304(a)(19)."  *Thompson v. Bank of Am., N.A.*, 783 F.3d 1022, 1026 (5th Cir. 2015).  As a result, the TDCA claim based on paragraph 19 is dismissed.

**Paragraph 14**.  In support of the TDCA claim under section 392.304(a)(14), Plaintiff relies on the Fifth Circuit's decision in *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717 (5th Cir. 2013).  In that case, the plaintiffs alleged, *inter alia*, that

BAC's foreclosure specialist informed them that she "had obtained approval to postpone the [June 1] foreclosure sale." *Id.* at 724.  The Fifth Circuit held that this adequately alleged a claim under section 372.304(a)(14) for misrepresenting the status or nature of the services rendered by the debt collector. *Id.*  In *Miller*, the date for the foreclosure sale had been set and the plaintiffs alleged that the defendant misrepresented that the established sale date had been postponed. *Id.*  In this case, there is no allegation regarding when the alleged misrepresentations were made.

Additionally, there is no allegation that BOA told Plaintiff that an established foreclosure sale date had been set and/or postponed.  There is no allegation that the alleged misrepresentations were made after entry of the June 23 Order allowing foreclosure to proceed.  The June 23 Order was entered more than 8 months before the foreclosure sale and constituted clear notice that BOA and BONY had not granted Plaintiff's request for a loan modification.  During that time, Plaintiff had the right to seek reconsideration, appeal, or otherwise challenge the June 23 Order, but he chose not to do so.  Plaintiff also had ample opportunity to explore, and take advantage of, various options to avoid the foreclosure sale that the state court had ordered could proceed.  Again, he chose not to do so.

Plaintiff's allegations are inadequately similar to those in *Miller* to state a claim under the TDCA section 392.304(a)(14).  Absent factual allegations that BOA falsely

represented the status or nature of their services, the section 392.304(a)(14) claim is dismissed.

**Conclusion as to TDCA Claim**.  Plaintiff has failed to allege facts which state a claim for relief under any cited section of the TDCA.  Defendants' Motions to Dismiss the TDCA claim is granted.

## IV.  <u>REQUEST FOR LEAVE TO REPLEAD</u>

Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008).  The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend."  *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted).  However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."  *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).  In deciding whether to grant leave to file an amended pleading, the district court "should consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."  *In re Am. Intern. Refinery, Inc.*, 676 F.3d 455, 466 (5th Cir. 2012) (quoting *In re Southmark*, 88 F.3d 311, 315 (5th Cir. 1996)).

In this case, Plaintiff filed his first Original Petition in *Bynane I*.  Defendants filed a motion to dismiss, asserting the various deficiencies they believed existed in the Original Petition.  After reviewing the motion to dismiss, Plaintiff filed a First Amended Complaint in *Bynane I*.  The First Amended Complaint was filed after removal to federal court, and the Court expects Plaintiff's counsel to have followed the federal pleading requirements.  Again, Defendants filed motions to dismiss alerting Plaintiff's counsel to the deficiencies – as perceived by Defendants – in the First Amended Complaint filed in *Bynane I*.  After reviewing the motions to dismiss the First Amended Complaint, and after Plaintiff's request for remand of *Bynane I* was denied for a second time, Plaintiff voluntarily dismissed that case and, represented by the same lawyers, immediately refiled the lawsuit in state court.  It is that second suit that is now pending here.

Plaintiff's dismissing *Bynane I* and refiling this lawsuit created undue delay and suggests a dilatory motive on his part.  The Complaint currently before this Court is effectively Plaintiff's third opportunity to allege a factual and legal basis for his claims, demonstrating a repeated failure to cure deficiencies pointed out by Defendants.  The Court notes again that Plaintiff has been represented by the same law firm throughout the proceedings in *Bynane I* and in this case.  As to the request to set aside the foreclosure sale because the Assignment by MERS to BONY was allegedly

void, the quiet title claim, the breach of contract claim, and the TDCA claims relating to sections 392.304(a)(8) and (a)(19), any attempt to revive those claims by amendment would be futile.

Lastly but importantly, the undue prejudice to Defendants, particularly Defendant Guzman, resulting from further delay in this case is extreme.  In reliance on the June 23, 2014 Order to Proceed With Notice of Foreclosure Sale and Foreclosure, Guzman purchased the Property for $281,000.00 on March 3, 2015. Since that date, Plaintiff has retained possession of the Property without making rental payments, Homeowners Association or other condominium fee payments, or property tax payments.  Plaintiff does not allege any valid legal or factual basis to deny Guzman possession of the Property, and further delay is unwarranted.

Based on a careful consideration of the unusual circumstances of this case, the Court exercises its discretion to deny leave to amend.  Plaintiff's claims in this lawsuit are dismissed with prejudice.

## V.   <u>CONCLUSION AND ORDER</u>

Plaintiff does not have standing to challenge the assignment of the Deed of Trust from MERS to BONY, which negates the basis for his action to set aside the foreclosure sale, quiet title, and breach of contract claims.  Plaintiff has failed to allege

a factual basis for the promissory estoppel, fraud, and TDCA claims despite ample notice of pleading deficiencies.

The Complaint in this case is effectively Plaintiff's third attempt to state valid claims for relief.  One of the attempts was the First Amended Complaint filed in *Bynane I*, filed after the Bank Defendants filed a Motion to Dismiss and filed under federal pleading standards.  As a result, the Court dismisses Plaintiff's claims in this suit without leave to replead.  It is therefore

ORDERED that Defendants' Motions to Dismiss [Docs. # 5 and # 9] are GRANTED.  Plaintiff's claims against Defendants are DISMISSED WITH PREJUDICE.  It is further

ORDERED that any and all restraining orders entered while the case was pending in Texas state court are VACATED.  It is further

ORDERED that any motions relating to Guzman's counterclaim against Plaintiff, and any motions for an award of attorneys' fees, must be filed by January 22, 2016.

SIGNED at Houston, Texas, this 15th day of December, 2015.

_____

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE